Jerome N. Lerch, Esq. (CSB #48194)
Debra Steel Sturmer, Esq. (CSB #105276)
LERCH STURMER LLP
425 California St., Ste. 2400
San Francisco, California 94104
Telephone:   (415) 217-6340
Facsimile:   (415) 217-2782

Attorneys for Non-Party Deponent Silicon Valley Law Group

**CV 14   80231 MISC.**
**PSG**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| SILICON VALLEY LAW GROUP, a California Corporation<br><br>　　　　Non-Party Deponent,<br><br>v.<br><br>CORDELL CONSULTANT, INC. MONEY PURCHASE PLAN AND TRUST, a Virginia Corporation,<br><br>　　　　Defendant. | MISCELLANEOUS CASE NO. _____<br><br>[**Related action**: *CORDELL CONSULTANT, INC. MONEY PURCHASE PLAN AND TRUST*, a Virginia *Corporation, Plaintiff*, vs. *ELIOT C. ABBOTT, an individual; DALE S. BERGMAN, an individual; ABBEY L. KAPLAN, an individual; STEVEN I. SILVERMAN, an individual; and KLUGER, PERETZ, KAPLAN & BERLIN, P.L., a Florida Professional Limited Liability Company, Defendants*, United States District Court, Southern District of Florida, Case #11-80416-CIV-RYSKAMP/VITUNAC<br><br>**NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA DUCES TECUM AND TO STAY DEPOSITION [FRCP 45]**<br><br>DATE: August ___, 2014<br>TIME:<br>COURTROOM:<br><br>**Documents Filed:**<br>(1) Non-Party Deponent Silicon Valley Law Group's Notice of Motion and Motion to Quash Subpoena and Stay Deposition<br>(2) Declaration of Jerome N. Lerch In Support Thereof<br>(3) Declaration of Debra Steel Sturmer In Support Thereof |

**TO CORDELL CONSULTANT, INC. MONEY PURCHASE PLAN AND TRUST ("Cordell") AND ITS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on a date and time to be set by the Court, subpoenaed non-party deponent SILICON VALLEY LAW GROUP ("SVLG") will and hereby does move this

1

NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S MOTION TO QUASH SUBPOENA AND STAY DEPOSITION
MISCELLANEOUS CASE NO. _____

Court for an order quashing the subpoena duces tecum and staying the deposition notice, issued in the related matter of *CORDELL CONSULTANT, INC. MONEY PURCHASE PLAN AND TRUST, a Virginia Corporation, Plaintiff, vs. ELIOT C. ABBOTT, an individual; DALE S. BERGMAN, an individual; ABBEY L. KAPLAN, an individual; STEVEN I. SILVERMAN, an individual; and KLUGER, PERETZ, KAPLAN & BERLIN, P.L., a Florida Professional Limited Liability Company, Defendants,* United States District Court, Southern District of Florida, Case #11-80416-CIV-RYSKAMP/VITUNAC.

This motion is made on the following grounds: (1) the subpoena seeks the production of SVLG's entire file pertaining to its representation of its former client 1031 Advance, Inc., and 1031 Advance, Inc. has not waived the attorney-client privilege; (2) the subpoena seeks the production of SVLG's work product generated during its representation of its former client 1031 Advance, and SVLG declines to waive its work product protection; (3) the subpoena is burdensome and oppressive, as compliance would require SVLG to sort through thousands of pages of file documents to identify and segregate out documents protected by the attorney-client privilege and work product doctrine, at great time and expense to SVLG; and, (4) the deposition should not go forward as there is no attorney remaining at SVLG with personal knowledge of the file or of SVLG's representation of 1031 Advance, which representation concluded on or about December 18, 2006 and the handling attorneys left SVLG in February 2007.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Jerome N. Lerch and Debra Steel Sturmer and exhibits thereto, any Reply brief to be filed, all exhibits, files and records in this matter, and any further evidence presented at the hearing.

DATED: August 13, 2014

LERCH STURMER LLP

By: _____
JEROME N. LERCH, ESQ.
DEBRA STEEL STURMER, ESQ.
Attorneys for Moving Party and Non-Party
Deponent Silicon Valley Law Group

## MEMORANDUM OF POINTS AND AUTHORITIES

Silicon Valley Law Group ("SVLG") submits this Memorandum of Law in support of its Motion to Quash and Motion to Stay Deposition.

## I. INTRODUCTION

An action is pending in the United States District Court, Southern District of Florida, captioned *Cordell Consultant, Inc. Money Purchase Plan and Trust vs. Eliot C. Abbott, et al.* (the "Cordell Action") SVLG is not a party to the Cordell Action. A true and correct copy of the Amended Complaint in the Cordell Action is attached to the Declaration of Jerome Lerch as Exhibit A (hereafter "Lerch Declaration"). (Lerch Declaration, ¶ 2, Exh. A.)

The Cordell Action asserts causes of action for fraud, aiding and abetting fraud, civil conspiracy, and fraud in the inducement against Kluger, Peretz, Kaplan & Berlin, P.L. (the "Kluger firm") and several individual lawyers who were members of the Kluger firm. The Kluger firm is or was at the time a Florida law firm that had represented buyer Edward Okun in connection with his purchase of 1031 Advance, Inc., a California company that acted as a qualified intermediary and accommodator of tax deferred real estate exchanges. (Lerch Declaration, ¶ 2, Exh. A) SVLG represented the sellers of 1031 Advance, Inc., which Okun acquired on December 18, 2006. SVLG advised 1031 Advance, Inc. on the negotiation of the terms of the transaction by which Okun's 1031 Tax Group acquired all of the shares in 1031 Advance, Inc. (Lerch Declaration, ¶ 5.)

Cordell now contends that the Kluger firm, and the individual lawyers named as defendants, had actual knowledge that Okun was operating a $150,000,000 Ponzi scheme by which he purchased exchange companies like 1031 Advance and then, to perpetuate the Ponzi scheme, looted them of the exchange funds that they held to close other clients' real estate exchanges. (Lerch Declaration, ¶ 2, Exh. A.) Cordell was one of several lenders from whom Okun obtained loans in order to buy the exchange companies that became part of his Ponzi scheme.

Cordell contends that the Kluger firm knew that the financial information that was provided to Cordell by Okun was false. Presumably, Cordell seeks to obtain testimony from SVLG lawyers to show that the Kluger lawyers knew that Okun was making false representations about his financials when Kluger negotiated the terms of the purchase of 1031 Advance, Inc.

On or about July 29, 2014, Cordell caused a Subpoena to Testify at a Deposition in a Civil Action (the "Cordell Subpoena"), with an accompanying demand for production of documents at the deposition, to be served on SVLG. ( Lerch Declaration, ¶ 2, Exh. B.) The deposition notice requested SVLG to produce its person most knowledgeable on five topics, including communications between SVLG lawyers and representatives of Okun (which by definition includes the Kluger firm, Okun's counsel for the purchase of 1031 Advance, Inc.).

The deposition was noticed for August 15, 2014 to be taken in San Jose, California. Accordingly, pursuant to Federal Rules of Civil Procedure Rule 45 (d) (1), as compliance with the subpoena is to take place in the United States District Court for the Northern District of California, this Court has jurisdiction over this Miscellaneous Action. SVLG has met and conferred with counsel for Cordell and counsel for the Bankruptcy Trustee who holds 1031 Advance, Inc.'s attorney-client privilege. The Bankruptcy Trustee has not waived the attorney-client privilege. (Sturmer Declaration, ¶¶ 2-4.) Counsel for Cordell requested that SVLG file the instant motion. (Sturmer Declaration, ¶3.)

## II. STATEMENT OF FACTS

The Cordell Subpoena seeks to compel SVLG to designate the persons most knowledgeable to testify on SVLG's behalf on the following topics:

1. The negotiations for the purchase of 1031 Advance, Inc. by Edward Okun and/or a company associated with him, including but not limited to 1031 Exchange Group;
2. Communications between you, lawyers and/or staff employed by you and representatives of Edward Okun, 1031 Exchange Group and/or other companies associated with Edward Okun.
3. The purchase of 1031 Advance, Inc. by Edward Okun and/or a company associated with him.
4. The closing of the purchase of 1031 Advance, Inc.
5. The securing, obtaining and/or closing of loan(s) to Edward Okun and/or 1031 Tax Group. (Lerch Declaration, ¶ 2, Exh. B.)

///

1   SVLG commenced representation of 1031 Advance on October 23, 2006 and ceased
2   representation of 1031 Advance on December 18, 2006. (Lerch Declaration, ¶¶5 & 8.) Former
3   SVLG shareholder James Chapman was the attorney responsible for SVLG's representation of
4   1031 Advance, Inc. Mr. Chapman was assisted by SVLG associate attorney Michael Schachter.
5   Mr. Chapman and Mr. Schachter left their employment with SVLG in February 2007. (Lerch
6   Declaration, ¶ 8.) There is no remaining attorney or other employee of SVLG with knowledge of
7   SVLG's representation of 1031 Advance who can testify on the subject matter set forth in Cordell's
8   subpoena. (Lerch Declaration, ¶ 8.)
9   The Cordell Subpoena seeks SVLG's production of SVLG's "entire file regarding the sale
10  of 1031 Advance, Inc." (Lerch Declaration, Exh. B)) The Subpoena further states "[h]owever, you
11  need not produce documents constituting attorney/client communications by and between you and
12  1031 Advance, Inc. as well as its officers and employees *unless otherwise disclosed to third*
13  *parties*." [Italics added]
14  SVLG's file on the 1031 Advance, Inc. transaction fills three (3) archived storage boxes and
15  consists of over 7100 pages of documents (Lerch Declaration, ¶ 12). SVLG was named as a
16  defendant in three civil suits arising from Okun's Ponzi scheme and the subsequent bankruptcy of
17  1031 Advance and all of Okun's other 1031 exchange companies. (Lerch Declaration, ¶ 1).[1] Those
18  lawsuits have all been dismissed, two by way of settlement and the third after SVLG prevailed at a
19  jury trial on the Bankruptcy Trustee for 1031 Advance's legal malpractice claim, which was
20  presided over by Magistrate Judge Spero in September 2013. (Lerch Declaration, ¶ 1) The
21  Bankruptcy Trustee is the successor in interest to 1031 Advance and in that capacity was
22  empowered to assert 1031 Advance's claim for legal malpractice and is the holder of 1031
23  Advance's attorney-client privilege.
24  In the course of defending against these three lawsuits, SVLG produced the entire contents
25  of its file with the consent of the Bankruptcy Trustee for 1031 Advance. (Lerch Declaration, ¶ 12)
26  Cordell was also a named defendant in two of the three consolidated cases, and in that capacity
27  ─────────────
28  [1] The three lawsuits are *Anita Hunter et al. v. Citibank, N.A.* et al., USDC NDCA Case No. 09-02079; *Gerard A. McHale, as Liquidation Trustee for the 1031 Debtors Liquidation Trust v. Silicon Valley Law Group*, USDC NDCA Case No. 10-04864; and, *ASM Capital, LP et al. v. Edward H. Okun, et al.*, USDC NDCA Case No. 11-04825.

NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S MOTION TO QUASH SUBPOENA AND STAY DEPOSITION
MISCELLANEOUS CASE NO. _____

1  Cordell had access to SVLG's production of its entire file, which was maintained in a web-based
2  document repository accessible by all parties in the consolidated cases. (Lerch Declaration, ¶ 13)
3        SVLG is duty bound to maintain the confidential communications with its former client
4  1031 Advance. Prior to bringing this motion, SVLG advised Cordell that it could only produce its
5  entire file with the written permission of the Bankruptcy Trustee for 1031 Advance and that there
6  was no one at SVLG who could testify on the subjects identified in the deposition notice. (Lerch
7  Declaration, ¶ 14) SVLG contacted counsel for the Bankruptcy Trustee and advised him of the
8  Cordell subpoena. (Sturmer Declaration, ¶ 2 ) SVLG has not received a written waiver of the
9  privilege from the Bankruptcy Trustee. (Sturmer Declaration, ¶ 4). Nor has Cordell advised SVLG
10 that it would accept production of only the non-privileged portions of the SVLG file. (Lerch
11 Declaration, ¶ 15) Therefore, SVLG was obligated to bring this motion to protect its privileged
12 communications with its former client 1031 Advance.
13       SVLG cannot comply with the Cordell Subpoena because there is no attorney remaining at
14 SVLG who worked on the 1031 Advance/Okun transaction and no one with any personal
15 knowledge of the issues identified in the Cordell Subpoena. (Lerch Declaration, ¶ 16)

### III. LEGAL ARGUMENT

**A.    The Cordell Subpoena Invades the Attorney-Client Privilege**

California Evidence Code Section 954 codifies the attorney-client privilege in California and makes it applicable to all proceedings. See also Evidence Code Section 910. The California Supreme Court has described the privilege as "fundamental to [the] legal system." *People v. Superior Court (Laff)* 25 Cal 4th 703, 715 (2001) California Business & Professions Code Section 6068(e) imposes upon every attorney the duty to "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

The Ninth Circuit was called upon in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir., 2003) to determine whether the implied waiver of the attorney-client privilege in one lawsuit thereafter

///
///

6
NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S MOTION TO QUASH SUBPOENA AND STAY DEPOSITION
MISCELLANEOUS CASE NO. _____

allows the use of the testimony in subsequent legal proceedings.[2] The Ninth Circuit held that while the existence of the privilege was determined by state law, the waiver of the privilege was to be determined by federal law. *See* Fed.R.Evid. 501; <u>Tennenbaum v. Deloitte & Touche</u>, 77 F.3d 337, 340 (9th Cir.1996). In *Bittaker* the court held that the government could not use the lawyer's testimony from the former action wherein the client raised ineffective assistance of counsel as a defense in a subsequent criminal proceeding against the client. The waiver extended only to the action in which the lawyer was called upon to defend himself against a claim of breach of duty raised by the client. *Bittaker*, *Id.* at 722.

SVLG finds itself in the same position as in the *Bittaker* case. SVLG produced its file and SVLG's former attorneys gave testimony in the legal malpractice action brought by the Bankruptcy Trustee for 1031 Advance. However, this limited implied waiver of the privilege allowed due to the filing of the malpractice claim does not extend to this subsequent litigation brought by Cordell against various lawyers with the Kluger firm. SVLG's conduct, and whether it breached a duty owed to its client, is not at issue in the Cordell action. Therefore, California Evidence Code Section 958 is not applicable.

The terms of the Cordell subpoena purport not to require production of attorney client privileged communications "unless otherwise disclosed to third parties." Federal case law has found that the mere disclosure to third parties in an action where an issue of breach was raised did not affect a wholesale waiver of the attorney-client privilege so as to allow use of that same information in subsequent litigation. *Bittaker, Id.* at 722. *See also United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that filing suit against a lawyer was not a waiver of privilege for all subsequent proceedings).

---

[2] "Except as otherwise provided in this section, the right of any person to claim a privilege provided by Section 954 . . . is waived with respect to a communication protected by such privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct of the holder of the privilege indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has the legal standing and opportunity to claim the privilege." Cal.Evid.Code § 912(a).

Accordingly, SVLG seeks to quash the subpoena duces tecum and stay the deposition in that it purports to compel SVLG to produce privileged portions of its file and to give testimony that would invade the attorney-client privilege.

### B.     The Cordell Subpoena Also Seeks Attorney Work Product

California Code of Civil Procedure Section 2018.030 sets forth the work product doctrine that protects the work product of California lawyers. The purpose of the work product doctrine is to allow attorneys to "prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of their cases," (2018.020(a)), and to "[p]revent attorneys from taking undue advantage of their adversary's industry and efforts." Sect. (2018.020(b)). The statute provides absolute protection to any "writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories." Sect. 2018.030(a). Such a writing is not discoverable under any circumstances. *Id.* Other work product has more qualified protection in that it is "not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery... " Section 2018.030(b).

The Cordell subpoena by its terms also seeks SVLG's work product. Cordell has subpoenaed SVLG's entire file, which by definition includes SVLG attorneys' "writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories." SVLG's work product is absolutely protected under California law. Therefore, SVLG requests that the Court quash the Cordell subpoena on this alternative ground.

### C.     The Cordell Subpoena Is Burdensome and Oppressive

SVLG's client file from its representation of 1031 Advance consists of three boxes of hardcopy documents and over seven thousand pages of electronic documents. SVLG is not a party to the Cordell action. Assuming this Court affirms SVLG's assertion of the attorney-client privilege, and SVLG is required to produce only non-privileged and non-work product documents from its file, the subpoena remains burdensome and oppressive and should be quashed on that basis. SVLG will suffer significant burden and expense if it is required to substantively review and analyze thousands of pages of documents to determine whether they are protected by the attorney-

8

client privilege or work product doctrine. This burden is not warranted and clearly outweighs any benefit to Cordell.

Cordell has sued the Kluger firm and various former attorneys from the firm. Presumably Cordell has sought, or can seek, production from the Kluger firm of any communications or transmittals between Kluger and SVLG with respect to Okun's purchase of 1031 Advance and the negotiations between Okun and 1031 Advance. These categories of documents would not be protected by 1031 Advance's attorney-client privilege or involve SVLG's work product. Accordingly, Cordell has a source to obtain this non-privileged information other than from SVLG. SVLG should not be forced to incur this burden and expense when the same information is available to Cordell by conducting discovery from Kluger, a defendant in the underlying action.

### D. SVLG Cannot Produce a Person Most Knowledgeable

Finally, there is no attorney presently employed with the SVLG firm that has any knowledge of SVLG's representation of 1031 Advance. The two attorneys who worked on the 1031 Advance/Okun transaction in 2006 left the SVLG firm over seven years ago. There is simply no one presently available at SVLG who has knowledge responsive to Cordell's deposition notice.

Cordell will not be prejudiced by an order staying the deposition of SVLG's person most knowledgeable. James Chapman, the former SVLG shareholder who was responsible for the 1031 Advance engagement, continues to practice law in the San Francisco Bay Area. Cordell has the expedient option of taking Mr. Chapman's deposition using documents produced by Kluger in the underlying action. The same universe of non-privileged documents as would be found in SVLG's file presumably can be obtained from the production of the Kluger firm file. Proceeding in this fashion would eliminate the burden otherwise imposed on SVLG to produce a witness in response to the deposition subpoena. For this reason, SVLG seeks an order staying the deposition.

### IV. CONCLUSION

SVLG has established that Cordell's subpoena duces tecum seeks documents protected by 1031 Advance's attorney-client privilege, notwithstanding the earlier disclosure of those documents in litigation between SVLG and the Bankruptcy Trustee for 1031 Advance. The burden and expense of reviewing and producing only non-privileged documents from non-party SVLG's voluminous

9

1 files, and the costs to SVLG of preparing and producing a custodian of records to testify as to the
2 contents of the file, cannot be justified on these facts.

3       SVLG's Motion should be granted because Cordell has other more expedient and cost-
4 effective means of obtaining this information through discovery directed to the Kluger firm, who is
5 a party defendant in the underlying action. Cordell could then depose SVLG's former attorney
6 James Chapman, using documents obtained from the Kluger file, which documents would have
7 been exchanged by and between the Kluger and SVLG firms as part of the closing of Okun's
8 purchase of 1031 Advance, Inc. For the foregoing reasons, non-party deponent Silicon Valley Law
9 Group requests that the Court issue an Order quashing the deposition subpoena and staying the
10 deposition of Silicon Valley Law Group's person most knowledgeable.

11 DATED: August 12, 2014                        LERCH STURMER LLP

By: _____
JEROME N. LERCH, ESQ.
DEBRA STEEL STURMER, ESQ.
Attorneys for Moving Party and Non-Party
Deponent Silicon Valley Law Group

## DECLARATION OF SERVICE

I am a citizen of the United States, I am over the age of eighteen years and not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is 425 California Street, Ste. 2400, San Francisco, California 94104. On this date I served the following documents:

**NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA DUCES TECUM AND TO STAY DEPOSITION [FRCP 45]**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

√ : By First Class Mail -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee(s) following ordinary business practices.

___ : By Personal Service -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the addressee(s).

___ : By Overnight Courier -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee(s) on the next business day.

___ : Facsimile -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

___ : By E-Mail -- I caused the foregoing document(s) to be transmitted via e-mail electronic transmission to the e-mail address(es) shown on this Declaration of Service.

## SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on August 12, 2014 at San Francisco, California.

_Rosemarie Vernola_  
(type/print name)

_(signature)_

NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S MOTION TO QUASH SUBPOENA AND STAY DEPOSITION  
MISCELLANEOUS CASE NO. _____

SILICON VALLEY LAW GROUP, a California Corporation, Non-Party Deponent, v. CORDELL CONSULTANT, INC. MONEY PURCHASE PLAN AND TRUST, a Virginia Corporation, Defendant.   MISCELLANEOUS CASE NO. : TBD

| | |
|---|---|
| Irwin R. Gilbert, Esq.<br>Bryan J. Yarnell, Esq.<br>Gilbert Yarnell<br>11000 Prosperity Farms Road, Ste. 205<br>Palm Beach Gardens, FL 33410<br>Tel:  561-622-1252<br>Fax: 561-799-1904<br>igilbert@gilbertyarnell.com<br>byarnell@gilbertyarnell.com<br>Attorneys for Cordell Consultant, Inc. | Deborah S. Corbishley, Esq.<br>Richard H. Critchlow, Esq.<br>Kenny Nachwalter P.A.<br>201 South Biscayne Blvd., Ste. 1100<br>Miami, FL  33131<br>Tel:  305-373-1000<br>Fax: 305-372-1861<br>dcorbishley@kennynachwalter.com<br>rcritchlow@kennynachwalter.com<br>Attorneys for Abbey L. Kaplan and Steve I. Silverman |
| Steven C. Marks, Esq.<br>Alexander Rundlet, Esq.<br>Podhurst Orseck, P.A.<br>City National Bank Building, 8th Fl.<br>25 West Flagler Street<br>Miami, FL 33130<br>Tel:  305-358-2800<br>Fax: 305-358-2382<br>smarks@podhurst.com<br>arundlet@podhurst.com<br>Attorneys for Eliott C. Abbott | Casey H. Cusick, Esq.<br>Kluger, Kaplan, Silverman, Katzen & Levine<br>201 S. Biscayne Blvd., 17th Fl.<br>Miami, FL  33131<br>Tel:  305-379-9000<br>Fax: 305-379-3428<br>ccusick@klugerkaplan.com<br>Attorneys for Abbey L. Kaplan and Steve I. Silverman |
| Jason S. Weiss, Esq.<br>Smith & Verbit<br>9900 Stirling Road, Ste. 303<br>Hollywood, FL 33024<br>Tel:  954-965-8350<br>Fax: 954-241-6947<br>Jason.weiss@smithverbit.com<br>Attorneys for Dale S. Berman | Howard D. DuBosar, Esq.<br>The DuBosar Law Group, P.A.<br>1800 N. Military Trail, Ste. 470<br>Boca Raton, FL  33431<br>Tel:  561-544-8980<br>Fax: 561-544-8988<br>dubosarh@dubolaw.com<br>Attorneys for Kluger, Peretz, Kaplan & Berlin |

NON-PARTY DEPONENT SILICON VALLEY LAW GROUP'S MOTION TO QUASH SUBPOENA AND STAY DEPOSITION
MISCELLANEOUS CASE NO. _____